UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA ELLEN BURGESS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-12-0407-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 16, 19. Attorney Maureen J. Rosette represents Rebecca E. Burgess (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on September 8, 2009, alleging disability since January 1, 1993, due to "Fibromyalgia, Migraines, Depression, [and] ADHD." Tr. 126, 150. Plaintiff later amended her onset date of disability to September 8, 2009, the application date. Tr. 42. The application was denied initially and upon reconsideration.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Caroline Siderius held a hearing on February 16, 2011, Tr. 38-85, and issued an unfavorable decision on March 15, 2011, Tr. 18-27. The Appeals Council denied review on April 25, 2012. Tr. 1-6. The ALJ's March 2011 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 18, 2012. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on May 13, 1960, and was 49 years old on the amended alleged onset date, September 8, 2009. Tr. 42, 126. Plaintiff completed high school and obtained an associate of arts degree in 1992. Tr. 46. She testified at the administrative hearing that she was divorced, had four children, ages 22, 17, 13 and eight, lived with her three youngest children, and homeschooled her two youngest children. Tr. 47, 51-53.

Plaintiff indicated the main thing keeping her from being able to work is pain and fatigue. Tr. 45. She testified she had been dealing with symptoms since she got pregnant with her second child in 1992. Tr. 46-47, 56. She first attributed the symptoms to the pregnancy, but found she did not get better with time. Tr. 47. Plaintiff stated she has pain every day from her armpits to the middle of her knees. Tr. 48. She described the pain as "achy," like how you feel after working out and not stretching. Tr. 48. She testified she also has right shoulder pain. Tr. 48. Plaintiff reported she has never had surgery on her shoulder, instead opting for physical therapy. Tr. 68. She stated she has some pain resulting from surgery on varicose veins in both her legs, but it is managed well with compression stockings. Tr. 68-69. She testified she also suffers debilitating migraine headaches twice a month. Tr. 69, 71. She stated she used to have to go to the emergency room once

a month for the headaches, but now only goes maybe twice a year. Tr. 70. The migraines last from half a day to four days, and she takes prescription medication for the ailment. Tr. 69. She indicated she additionally has memory problems and is tired all the time. Tr. 48, 72.

      Plaintiff stated her typical day starts at 7:30 or 8:00 a.m. Tr. 53. After a couple of hours, she reads with her two youngest children and then sets schoolwork tasks for the children. Tr. 53. In the afternoon, the children will often go on field trips with other homeschool families, and she will attempt to take a rest and then start dinner. Tr. 53. She indicated she is "usually wrecked" after dinner. Tr. 53. With respect to homeschooling her children, she testified she is actively engaged with them a total of probably two hours a day. Tr. 70.

      Plaintiff revealed she had a DUI in 2007, was drinking two or three times a week at the time of the administrative hearing, and used marijuana from time to time. Tr. 67. Plaintiff testified she does not keep up with housework, and her children and a good friend help in that regard. Tr. 54. She also stated she attempts to take walks to help with her depression, but struggles to get regular exercise. Tr. 55-56. She stated she walks about three days a week. Tr. 74.

      Plaintiff indicated she could sit in a chair for an hour to an hour and a half at one stretch and stand for an hour without moving. Tr. 73-74. She stated she could not lift with her right arm, but could lift probably 20 pounds at one time with her left arm and lift 10 to 15 pounds consistently without having problems the next day. Tr. 75-76.

      Joselyn E. Bailey, M.D., testified as a medical expert at the administrative hearing. Tr. 60-66. Dr. Bailey opined that fibromyalgia appeared to be Plaintiff's main problem, but that she also had a history of migraines, a history of depression, intermittent carpal tunnel syndrome and attention deficit disorder. Tr. 62-63. Dr. Bailey stated that Plaintiff's depression may be the origin of her pain. Tr. 63. However, she still opined that fibromyalgia was a severe impairment for Plaintiff.

Tr. 65.

## ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 8, 2009, the application date. Tr. 20. The ALJ determined, at step two, that Plaintiff had the following severe impairments: Fibromyalgia and Depression. Tr. 20. The ALJ specifically determined Plaintiff's impairments of migraine headaches, ADHD, carpal tunnel disorder, and venous insufficiency (varicose veins) did not cause more than minimal limitations in her ability to perform basic mental work activities and were thus non-severe impairments. Tr. 20-21.

At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments. Tr. 21. The ALJ assessed Plaintiff's RFC and determined that she could perform light work with the following limitations: she requires a sit/stand option; she is unable to climb ladders, ropes, and scaffolds; she is able to occasionally overhead reach with the right dominant arm; she should avoid concentrated exposure to loud noises; and she is able to have contact with the general public no more than occasionally. Tr. 22, 25.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 25. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 25-26. The ALJ thus determined that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from September 8, 2009, the application date, through the date of the ALJ's decision, March 15, 2011. Tr. 26-27.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the Court set

out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's

determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred because she is more limited from a physical and psychological standpoint than what was determined by the ALJ. ECF No. 17 at 8. Plaintiff additionally provides a brief argument that the ALJ failed to properly consider and reject her testimony regarding the limitations from her impairments. ECF No. 17 at 11-12.

## DISCUSSION

**A. Physical Limitations**

Plaintiff first contends that the ALJ improperly rejected the opinions of

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

Mary Sheridan, PA-C, regarding her physical limitations. ECF No. 17 at 8-10. Plaintiff specifically argues that Ms. Sheridan's January 21, 2011, report, Tr. 267-269, demonstrates she is more limited from a physical standpoint than what was determined by the ALJ in this case. *Id*.

Ms. Sheridan filled out a Documentation Request for Medical or Disability Condition form on January 21, 2011. Tr. 267-279. Ms. Sheridan diagnosed Fibromyalgia and ADD and indicated Plaintiff had chronic pain, memory deficits and poor concentration. Tr. 267. She noted that Plaintiff's impairments caused her to be unable to stand or sit for long periods and that Plaintiff has to change positions periodically. Tr. 267. Ms. Sheridan checked a box indicating Plaintiff was limited to sedentary work. Tr. 268.

As noted by the ALJ, Ms. Sheridan, a certified physician assistant, is not an acceptable medical source. Tr. 24. Only acceptable medical sources can give medical opinions. 20 C.F.R. § 416.927(a)(2). Although Plaintiff argues that Ms. Sheridan was working in conjunction with physicians at Rockwood Clinic and, thus, her opinion should constitute that of an acceptable medical source, ECF No. 17 at 9, there is no evidence that Ms. Sheridan regularly consulted with or was closely supervised by a physician in this case. *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) (non-physicians working under supervision are to be treated as teams); *see, also, Farnacio v. Astrue*, 2012 WL 4045216 at *6, 11-cv-0065-JPH (E.D. Wash. 2012) ("There is no provision for a physician assistant to become an acceptable medical source when supervised by a physician or as part of an interdisciplinary team."). Ms. Sheridan's testimony and opinions do not qualify as "medical evidence . . . from an acceptable medical source" as required by the Social Security Regulations. 20 C.F.R. §§ 404.1513, 416.913.

The ALJ gave Ms. Sheridan's "other source" opinion little weight because it was not consistent with the medical evidence of record, which suggested Plaintiff's pain was responsive to treatment. Tr. 24. To reject other source evidence, an ALJ

must provide germane reasons. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). On March 9, 2009, J. Makrina Shanbour, M.D., indicated Plaintiff was "doing much better overall." Tr. 202. On June 19, 2009, Dr. Shanbour stated that Plaintiff was doing well and was off medication for depression. Tr. 200. On September 29, 2009, Dr. Shanbour indicated Plaintiff had increased pain since she stopped using methadone, Tr. 193, 195; however, Dr. Shanbour reported on October 28, 2009, that Plaintiff was coping with the pain. Tr. 232. By January 11, 2010, Dr. Shanbour indicated Plaintiff was doing well on a new prescription, naltrexone, and was pain free for the first time in years. Tr. 227. Medical records from Rockwood Clinic indicate on September 29, 2009, that Plaintiff was exercising more and riding her bike several times a week, Tr. 193, on June 8, 2010, that Plaintiff "feels that she has been more active than she has in the last 10 years, even off the naltrexone," Tr. 253, and, on June 29, 2010, that Plaintiff was "feeling very well currently," Tr. 248. In fact, Ms. Sheridan reported on January 21, 2011, that Plaintiff's pain was successfully treated with naltrexone. Tr. 341. Ms. Sheridan's January 21, 2011, opinion that Plaintiff was limited to sedentary work is not consistent with the weight of the medical evidence, which supports the ALJ's conclusion that Plaintiff's pain was managed by treatment. Tr. 24. The ALJ's interpretation of the evidence is consistent with the record as a whole, including Plaintiff's own reported abilities.[1]

Based on the foregoing, the ALJ provided germane reasons for rejecting Ms. Sheridan's "other source" opinion that Plaintiff's physical abilities were severely

---

[1] Plaintiff testified at the administrative hearing that she could probably lift 20 pounds at one time with her left arm and lift 10 to 15 pounds consistently without having problems the next day. Tr. 75-76. "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b).

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

limited. The record does not support a more restrictive finding than Plaintiff being restricted to a range of light exertion level work. Accordingly, the undersigned finds the ALJ's physical RFC determination is in accord with the weight of the record evidence and free of legal error.

**B.     Mental Limitations**

Plaintiff also contends the ALJ erred by failing to properly account for her significant psychological limitations. ECF No. 17 at 11-12. Plaintiff specifically argues that the ALJ failed to give specific and legitimate reasons for discounting the mental limitations assessed by Amy Robinson, M.S., under the supervision of W. Scott Mabee, Ph.D. *Id*.

The ALJ determined that Plaintiff could perform a restricted range of light exertion level work. Tr. 22, 25. With respect to non-exertional limitations, the ALJ concluded Plaintiff should avoid concentrated exposure to loud noises and have no more than occasional contact with the general public. Tr. 22, 25. The undersigned finds this RFC determination is supported by substantial record evidence. *See infra*.

The relevant time period in this action is from September 8, 2009 (the alleged onset date) through March 15, 2011 (the date of the ALJ's determination in this case). Evidence from outside of this period of time can be deemed useful as background information; however, it is irrelevant to the extent that it does not address Plaintiff's medical status during the relevant period at issue in this action. *See, Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (medical opinions that predate the alleged onset of disability are of limited relevance). Dr. Mabee's consultative evaluation, Tr. 256-266, was completed on August 4, 2008, more than one year before Plaintiff's alleged onset date. Nevertheless, the ALJ addressed Dr. Mabee's report and, contrary to Plaintiff's assertion, accorded weight to Dr. Mabee's opinion that Plaintiff was uncomfortable in social situations and had moderate difficulties interacting appropriately and meaningfully with others. Tr.

24, 261. The ALJ accounted for this limitation by restricting Plaintiff's RFC to no more than occasional contact with the general public. Tr. 25.

On December 14, 2009, state agency reviewing physician Gary L. Nelson, Ph.D., filled out a Psychiatric Review Technique form. Tr. 211-224. On March 29, 2010, James Bailey, Ph.D., reviewed the record and affirmed Dr. Nelson's opinion regarding Plaintiff. Tr. 235. Dr. Nelson and Dr. Bailey opined that Plaintiff had normal affect, attention span, and concentration and indicated she was doing well off medication. Tr. 25. Plaintiff's "Psych" was also found normal by Ms. Sheridan on January 21, 2011. Tr. 24, 342. On her last examination on February 10, 2011, it was noted that Plaintiff's depression was stable. Tr. 338. Finally, medical expert Bailey indicated at the administrative hearing that the record reflected Plaintiff was "doing well" and was even capable of homeschooling her children. Tr. 63. As determined by the ALJ, the record reflects that Plaintiff's depression was under control during the relevant time period in this case.

The medical evidence of record does not support a more restrictive mental RFC assessment in this case. The ALJ's RFC determination is in accord with the weight of the record evidence and free of error.

C.    **Plaintiff's Credibility**

Plaintiff also provides a cursory argument that the ALJ erred by failing to properly consider her subjective complaints. ECF No. 17 at 11. Plaintiff argues that the ALJ failed to state specific reasons to reject her testimony regarding fatigue and a need to lie down for an hour or two each day. ECF No. 17 at 12.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157

F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. Tr. 23.

As indicated by the ALJ, Plaintiff provided an inconsistent statement regarding her migraine headaches at the administrative hearing. Tr. 20. Inconsistencies in a disability claimant's testimony supports a decision by the ALJ that a claimant lacks credibility with respect to her claim of disabling pain. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986). Although Plaintiff testified on February 16, 2011, that she has migraines two times per month and goes to the emergency room twice per year for the ailment, Tr. 69-71, the medical records reveal she only went to the hospital once in 2009 and did not go at all in 2010, Tr. 20, 329. On September 29, 2009, Plaintiff indicated she had not had any significant migraines for the last couple of years, and, on June 8, 2010, Plaintiff reported she had been headache free for years. Tr. 20, 254, 329. The ALJ notes there is no other medical record after June 8, 2010, which mentions debilitating headaches. Tr. 20. The ALJ appropriately considered Plaintiff's inconsistent testimony to discount her subjective complaints.

The ALJ further noted that the objective medical evidence does not support Plaintiff's allegations of total disability, Tr. 23, and, as discussed above, the ALJ properly assessed the medical records in this case. A lack of supporting objective

medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991). The ALJ noted that, although Plaintiff complained of chronic pain associated with Fibromyalgia, her condition has been noted as stable in several of her doctor's visits. Tr. 23. The ALJ indicated that Plaintiff's reports of pain were contradicted by reports from her physicians that the treatment she received had been generally successful in controlling her symptoms. Tr. 23. Specifically, the ALJ indicated Dr. Shanbour reported on October 28, 2009, that Plaintiff was off her prescription for Methadone and was coping with the pain, Tr. 23, 232; on January 11, 2010, Dr. Shanbour stated that Plaintiff was doing well on a new prescription, naltrexone, and was pain free for the first time in years, Tr. 23, 227; and medical records from Rockwood Clinic indicate on June 8, 2010, that Plaintiff "feels that she has been more active than she has in the last 10 years, even off the naltrexone," Tr. 253, and, on June 29, 2010, that Plaintiff was "feeling very well currently," Tr. 248. The objective medical evidence does not support Plaintiff's claim of disabling limitations. It was appropriate for the ALJ to conclude that the objective medical evidence does not support the level of limitation Plaintiff has alleged in this case.

The ALJ also noted Plaintiff's activities as inconsistent with her alleged limitation. Tr. 23. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ indicated Plaintiff described daily activities of homeschooling her children, which requires her to read and set tasks for the children, as well as some housecleaning. Plaintiff additionally testified she attempts to take walks to help with her depression and would walk about three days a week. Tr. 55-56, 74. This level of activity is not consistent with Plaintiff's claim of disabling impairments.

The ALJ further noted that despite complaints of disabling symptoms, there have been periods of time since the alleged onset date during which Plaintiff has

not taken any medication for those alleged symptoms. Tr. 23-24. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff said she could not afford the medication, but she provided no reason or explanation of her financial situation, and the record reflects that at no time was any other treatment or medication unavailable for financial reasons. The fact that Plaintiff stopped taking her prescribed medications during the relevant time period discounts her claim of disabling pain and limitations.

Lastly, the ALJ indicated Plaintiff has displayed drug-seeking and addictive behavior. Tr. 24. An ALJ may properly consider evidence of a claimant's drug use and drug-seeking behavior in assessing credibility. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

After reviewing the record, the undersigned finds that the reasons provided by the ALJ for discounting Plaintiff's subjective complaints are clear, convincing, and fully supported by the record. Accordingly, the ALJ did not err by concluding that Plaintiff's subjective complaints regarding the extent of her functional limitations were not entirely credible in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of legal error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED November 7, 2013.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE